UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

GEORGE H. PATTON,

    Plaintiff,

v.      Case No. 1:13-CV-124

VILLAGE OF CASSOPOLIS     HON. GORDON J. QUIST
and KEVIN GILLETTE,

    Defendants.
_____/

**OPINION**

*Pro se* Plaintiff George H. Patton has sued Defendants, the Village of Cassopolis and Village Manager Kevin Gillette, alleging under 42 U.S.C. § 1983 that Defendants violated his due process rights by demolishing his property without a pre-demolition hearing. Patton also alleges that Defendants engaged in "ethnic intimidation" in violation of 42 U.S.C. § 1982. Defendants have filed a motion to dismiss, and Patton has responded. For the reasons set forth below, the Court will grant Defendants' motion and dismiss the Complaint with prejudice.

**I. BACKGROUND**

On May 21, 2009, Defendants demolished Patton's real property. (Compl., Docket no. 1, Page ID 5.) On September 28, 2010, Patton filed a lawsuit alleging various state claims against Defendants in Cass County Circuit Court. (Defs.' Br. Supp. Mot. Dismiss, Ex. 1, Docket no. 6-1, Page ID 53.) Defendants filed a motion for summary disposition. (*Id.* at Ex. 8, Docket no. 7-3, Page ID 86.) The circuit court granted Defendants' motion and dismissed Patton's claims on December 6, 2010. (*Id.*) Patton appealed. (*Id.* at Ex. 9, Page ID 88.) The Michigan Court of Appeals affirmed the circuit court decision on January 24, 2012. *Patton v. Village of Cassopolis*, No. 301754, 2012

WL 205832, at *4 (Mich. Ct. App. Jan. 24, 2012) (per curiam). In its opinion, the court of appeals suggested that Patton may seek money damages under 42 U.S.C. § 1983. (*Id.*) Patton filed an application for leave to appeal the judgment of the court of appeals. (Defs.' Br. Supp. Mot. Dismiss, Ex. 10, Docket no. 7-3, Page ID 91.) The Michigan Supreme Court denied the application on December 26, 2012. (*Id.*) On February 5, 2013, Patton filed this action.

## II. DISCUSSION

### A. Patton's Claims are Time Barred by the Three-Year Statute of Limitations

Defendants argue that Patton's claims are barred by the statute of limitations. Although an affirmative defense is generally not the proper subject of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "[a]n affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint." *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998) (citing *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994)); *see also Songbyrd, Inc. v. Bearsville Records, Inc.*, 104 F.3d 773, 775 n.3 (5th Cir. 1997) (stating that "certain affirmative defenses that clearly appear on the face of the plaintiff's complaint—most commonly that the statute of limitations has run—may properly be asserted in a Rule 12(b)(6) motion"). The Sixth Circuit adheres to this rule as well. *See Pierce v. Oakland Cnty.*, 652 F.2d 671, 672 (6th Cir. 1981) (holding that an affirmative defense is not waived even if not pled where it appears on the face of the complaint and is asserted by the defendant in a Rule 12(b)(6) motion to dismiss). Here, the statute of limitations defense is clear from the face of the Complaint.

Claims under § 1983 arising in Michigan have a statute of limitations period of three years from the date of injury. *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam). Claims under § 1982 arising in Michigan also have a statute of limitations period of three years. *Bygrave*

*v. Van Reken,* No. 99-1702, 2000 WL 1769587, at *2 (6th Cir. Nov. 14, 2000) (per curiam). The statute of limitations period begins "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984). In this case, the three-year limitations period began to run on May 21, 2009, when Defendants demolished Patton's real property, and expired three years later, on May 21, 2012—more than nine months before Patton initiated the instant case. Thus, absent tolling, Patton's claims are barred.

      The Sixth Circuit has noted that the mere filing of a prior state court action does not toll the statute of limitations for a subsequent § 1983 federal action. *Huntsman v. Perry Local Sch. Bd. of Educ.*, 379 F. App'x 456, 461 (6th Cir. May 28, 2010) (stating that "there is no requirement of exhaustion in state court for § 1983 actions, nor does litigating first in state court toll the statute of limitations for § 1983 claims"); *See also Ramirez de Arrellano v. Alvarez de Choudens*, 575 F.2d 315, 319 (1st Cir. 1978) ("Federal courts have applied to § 1983 suits in particular a rule that prior actions in the state courts do not toll the applicable state statute of limitations." (citing *Willams v. Walsh*, 558 F.2d 667 (2d Cir. 1977), and *Ammlung v. City of Chester*, 494 F.2d 811 (3d Cir. 1974)). However, where, as here, a federal court "borrows" a state statute of limitations, state law also governs questions of tolling. *Bd. of Regents v. Tomanio*, 446 U.S. 478, 484, 100 S. Ct. 1790, 1795 (1980); *see also Wosniak v. Henderson*, No. 99-1916, 2000 WL 1434698, at *3 (6th Cir. Sept. 19, 2000) (per curiam). Under the applicable Michigan tolling statute, M.C.L. § 600.5856, "[t]olling is triggered only when a prior [state] action is dismissed for ministerial procedural flaws." *Wosniak*, 2000 WL 1434698, at *3. In other words, the statute does not apply if the prior dismissal was on the merits. *See, e.g.*, *Roberts v. City of Troy*, 170 Mich. App. 567, 581, 429 N.W.2d 206, 213 (1988); *Yeo v. State Farm Fire & Cas. Ins. Co.*, 242 Mich. App. 483, 484, 618 N.W.2d 916, 916 (2000). Patton's state-court case was dismissed on the merits. *See Patton v. Village of Cassopolis*,

3

No. 301754, 2012 WL 205832 at * 3–4 (Mich. Ct. App. Jan. 24, 2012) (affirming summary disposition on the alternate ground that Patton failed to state a claim upon which relief could be granted because Defendants were entitled to absolute immunity under MCL § 691.1407). Thus, Patton's claims are time barred.

Patton argues, however, that his claims are timely for several reasons. First, he argues that the applicable statutes of limitation are longer than three years. (Pl.'s Br. Obj. Defs.' Mot. Dismiss, Docket no. 9, Page ID 103.) Patton's argument lacks merit because the Sixth Circuit has already held in *Carroll*, 782 F.2d at 44, *Bygrave*, 2000 WL 1769587, at *2, and numerous other cases that the § 1982 and § 1983 claims are subject to a three-year statute of limitations.

Second, Patton alleges that regardless of the statute of limitations, a claim with a "genuine issue of material fact" cannot be waived. (Pl.'s Br. Obj. Defs.' Mot. Dismiss, Docket no. 9, Page ID 101.) Therefore, he contends that because his claims raise genuine issues of material fact, the Court cannot dismiss them. (*Id.*) Patton is wrong. Patton cites *Cooper v. James*, 2001 SD 59, ¶ 7, 627 N.W.2d 784, 787 (S.D. 2001), but that case is neither binding on this Court nor applicable to the instant case. The court in *Cooper* was addressing a motion for summary judgment. In contrast, this Court is addressing a motion to dismiss based on facts that Patton admits in his Complaint.

Finally, Patton argues that the statutes of limitation should be equitably tolled for the period of Patton's state court appeal because Defendants "fraudulently misrepresented" a Michigan statute to the circuit court. (Pl.'s Br. Obj. Defs.' Mot. Dismiss, Docket no. 9, Page ID 107.) In Michigan, equitable tolling typically applies "to a specific extraordinary situation in which it would be unfair to allow a statute of limitations defense to prevail because of [either a] defendant's bad faith or other particular and unusual inequalities." *Ward v. Siano*, 272 Mich. App. 715, 718, 730 N.W.2d 1, 2 (2006), *rev'd on other grounds*, 480 Mich. 979, 741 N.W.2d 836 (2007). Further, any "[i]nequality

justify[ing equitable] tolling must arise independently of the plaintiff's failure to diligently pursue [his or her] claim." *Id.* For example, in *Cincinnati Insurance Co. v. Citizens, Insurance Co.*, 454 Mich. 263, 270, 562 N.W.2d 648, 651 (1997), the court tolled the statute of limitations because the plaintiff's delayed filing resulted from its decision to engage in negotiations initiated by the defendant and for the defendant's benefit. In *Bryant v. Oakpoint Villa Nursing Center*, 471 Mich. 411, 432–433, 684 N.W.2d 864, 876, (2004), the plaintiff delayed filing her claim due to the court's own confusion between medical malpractice and negligence claims, which qualified as an "unusual inequality" that supported equitable tolling.

It is difficult to comprehend how, as Patton alleges, a party could commit fraud on a court by misrepresenting a statute. Assuming that such fraud occurred, however, Patton fails to explain how the alleged fraud on the court—not Patton—prevented him from timely asserting his current claims in federal court. In short, Patton has shown no "extraordinary situation" beyond his control, *see Ward*, 272 Mich. App. at 718, 730 N.W.2d at 2, that prevented him from filing timely claims.

### B. Patton's Claims are also Barred by the Doctrine of Res Judicata

Res judicata bars re-litigation of all previously litigated claims and every claim arising from the same transaction that parties exercising "reasonable diligence" could have raised but did not. *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 817 (6th Cir. 2010). "Federal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state." *Id.* (quoting *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir.2007)). Michigan bars a second, a subsequent action when "(1) the prior action was decided on the merits, (2) both actions involve the same parties . . . and (3) the matter in the second case was, or could have been, resolved in the first." *Id.* (quoting *Abbott*, 474 F.3d 324 at 331 (quoting *Adair v. State,*, 470 Mich. 105, 121, 680 N.W.2d 386, 396 (2004))) (internal quotation marks omitted).

5

The claims at issue are barred by the doctrine of res judicata because they arise from the same transaction as the claims in the prior state-court case. First, as discussed above, Patton's state action was resolved on the merits. Second, Patton's state action and the present action involve the same parties: Patton, the Village of Cassopolis, and Kevin Gillette. Finally, Patton could have asserted his instant claims in the state-court case. Patton offers his fraud on the court argument as a reason for not applying res judicata, but the argument fares no better here. That is, Patton fails to explain how such fraud prevented Patton from asserting the instant claims. Thus, res judicata bars Patton's federal claims.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss and dismiss Patton's Complaint with prejudice.

An Order consistent with this Opinion will be entered.


Dated: July 29, 2013                                      /s/ Gordon J. Quist
                                                         GORDON J. QUIST
                                                  UNITED STATES DISTRICT JUDGE